**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CIVIL ACTION NO. 03-183-DLB**

**DAVID AND BARBARA HARNISH**                                                                  **PLAINTIFFS**

**vs.**                            **MEMORANDUM OPINION AND ORDER**

**SAFE AUTO INS. CO.**                                                                                **DEFENDANT**

*******************************

**Introduction**

Plaintiffs commenced this enforcement and bad faith action against Defendant after their property was damaged by an automobile owned by Defendant's insured, Timothy Bess, but operated by his girlfriend, Cassandra Mays. After obtaining an agreed judgment against the tortfeasor, Plaintiffs now seek to collect from Defendant. Plaintiffs allege common law and statutory first and third-party bad faith,[1] as well as breach of contract, based on Defendant's denial of insurance coverage.

This matter is currently before the Court upon Plaintiff's Motion for Partial Summary Judgment (on the issue of coverage only). (Doc. # 20). Defendant has also moved for summary judgment on all issues. (Doc. # 18). Both parties filed responses (Docs. # 21 & 22), and Defendant having replied (Doc. # 23), the motions are now ripe for review. For the reasons discussed herein, the Court will **deny** Plaintiffs' motion for partial summary judgment, **grant** Defendant's motion for summary judgment, and dismiss the action in its entirety.

---

[1] To clarify, however, Plaintiffs' only viable claims are third-party bad faith because they were not insured by Defendant.

**Factual Background**

This case arises out of an automobile accident which occurred on September 24, 1999. On that date, Cassandra Mays ("Mays") was driving a 1988 Ford Ranger owned by her boyfriend, Timothy Bess ("Bess"), when she failed to negotiate a curve, lost control, and collided with rental property owned by Plaintiffs. Mays was driving under the influence at the time of the accident. The insured, Bess, had an automobile insurance policy with Defendant which was in effect on September 24, 1999.

Defendant denied coverage for Plaintiffs' property damage on the ground that Mays was an "undisclosed non-relative resident driver" and, therefore, not entitled to liability coverage under the express terms of Bess' policy.

For purposes of adjudicating the pending summary judgment motions, the following facts are undisputed:

(1) Bess was insured under an automobile policy issued by Defendant (policy number KY 0007695-A-00);

(2) Bess and Mays were residing together in Mason County, Kentucky;

(3) Mays was a permissive and regular user of Bess' vehicle;

(4) Mays was not listed as a named insured on Bess' policy; and

(5) Mays was not "related" to Bess, as that term was defined in the policy.[2]

**Prior Litigation Regarding the Subject Insurance Policy**

The instant lawsuit is the last in a series of litigation involving Plaintiffs, Defendant, Mays and Bess. The first action was a declaratory judgment action filed by Plaintiffs

---

[2] "Relative" means a person living in your household who is your dependent and related to you by blood, marriage, or adoption, including a ward or foster child.

against Defendant in Mason County, Kentucky Circuit Court, in which Plaintiffs sought a determination that Defendant was obligated to compensate them for the property damage done by Mays (Case No. 00-CI-00187).  Mason Circuit Court Judge Robert Gallenstein granted summary judgment in favor of Plaintiffs, finding as a matter of law that the exclusions set forth herein were unenforceable and that the policy afforded coverage to Plaintiffs.  More specifically, Judge Gallenstein concluded that the policy issued by Defendant purported to "undermine [Kentucky's] public policy of compulsory liability insurance...," as embodied in the Motor Vehicle Reparations Act (MVRA).  K.R.S. 304, Subtitle 39.  That decision was reversed and vacated by the Kentucky Court of Appeals on September 6, 2002 on the ground that Plaintiffs lacked standing to contest the issue of coverage under the Bess policy.

Thereafter, Plaintiffs sued Mays in Mason Circuit Court for the damage done to their real property and loss of rental income therefrom (Case No. 01-CI-00254).  On January 26, 2004, the court entered an agreed judgment in favor of Plaintiffs in the amount of $10,000 plus costs.[3]  Contemporaneous therewith (and in consideration therefore), Mays and Bess assigned any and all claims they had against Defendant to Plaintiffs.

In the interim, however, Defendant also initiated a declaratory judgment action against Mays in Clermont County, Ohio Common Pleas Court.  On August 26, 2003, Defendant filed a complaint seeking a determination that "no liability coverage, including property damage coverage and both indemnity and defense, is afforded to Mays under [Defendant's] policy of insurance issued to Timothy Bess for the motor vehicle accident

---

[3] Defendant initially defended Mays under a reservation of rights, but subsequently moved to withdraw representation on the eve of trial.

occurring on or around September 24, 1999..." (Case No. 03CVH1092). Due to Mays' failure to answer, the court granted Defendant's Motion for Default Judgment on November 17, 2003, and entered the judgment two days later.

That brings us to the present suit, which was originally filed by Plaintiffs in Mason Circuit Court and removed by Defendant on the basis of diversity jurisdiction. In their original complaint, Plaintiffs charged Defendant with violations of Kentucky's Unfair Claims Settlement Practices Act (UCSPA), K.R.S. § 304.12-230, and Consumer Protections Act (CPA), K.R.S. § 367.170. Plaintiffs subsequently amended their complaint: 1) to include first-party bad faith claims and a breach of contract claim based on the assignments from Mays and Bess, and 2) to enforce the judgment obtained against Mays.[4] The instant case has now culminated in cross motions for summary judgment.

## Arguments of the Parties

Plaintiffs argue that the Mason Circuit Court properly held that the policy exclusions for "undisclosed non-relative resident drivers" violate the public policy of Kentucky's MVRA and are, therefore, unenforceable. More specifically, Plaintiffs assert that the Mason Circuit Court correctly interpreted and applied Kentucky insurance law, and properly concluded that the exclusions in the subject policy are void as against public policy. In support, they maintain that the Mason Circuit Court is the only court that has considered and adjudicated the coverage issue on the merits.

---

[4] Plaintiffs have mistakenly labeled their claims. Pursuant to the assignment from the tortfeasor and insured, Plaintiffs can assert third-party claims against Defendant. Plaintiffs cannot assert any first-party claims because they were not insured by Defendant.

4

In its motion for summary judgment, Defendant initially argues that the default judgment entered by the Clermont County Ohio Common Pleas Court operates as *res judicata* on the issue of coverage under Bess' policy.  Defendant further argues that pursuant to the express terms of the policy, Mays was not a liability insured and absent an obligation to pay Mays' property damage claim under the terms of Bess' policy, Plaintiffs' bad faith action must be dismissed.

## Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial.  *Id.* at 324.  All evidence and inferences based on evidence must be considered in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio* Corp., 475 U.S. 574, 587 (1986).  However, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1427, 1479-80 (6th Cir. 1989).  Additionally, a federal court sitting in diversity must apply the law of the forum state to the claims asserted.  *Moore v. Coffey*, 992 F.2d 1439 (6th Cir. 1993).  In this case, Kentucky law applies.

## Legal Analysis

**A.    Reliance on Mason Circuit Court Judgment and the MVRA**

As an initial matter, the Court notes that because the Mason Circuit Court judgment in favor of Plaintiffs was subsequently vacated by the Kentucky Court of Appeals, that judgment is not conclusive on the issue of coverage. *See Erebia v. Chrysler Plastic Prod. Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989) (It is well-settled that a judgment that is vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect). Plaintiffs, nevertheless, urge the Court to find, as a matter of law, that the exclusions are unenforceable because they undermine the public policy behind and compulsory liability insurance provisions of the MVRA. Plaintiff's reliance on the MVRA is misplaced.

In this case, it is undisputed that the Plaintiffs' claims involve damage to their property. In *American Premiere Ins. Co. v. McBride*, 159 S.W.3d 342, 349 (Ky. Ct. App. 2004), *disc. review denied* (2005), the Kentucky Court of Appeals affirmatively stated that the MVRA does not apply to property damage claims, such as the claims raised herein. In its decision, the Kentucky Court of Appeals stated:

> It is a fundamental maxim of statutory construction that an act is to be read as a whole. (footnote omitted) Reading the MVRA as a whole, it is clear that KRS 304.39-115 is not an integral part of the act. In fact, we believe that it was erroneously codified within the middle of the act. And it has no significance on the construction of the MVRA. (Footnote omitted) Reading the MVRA as a whole, even after the enactment of KRS 304.39-115, we reach the same conclusion that a panel of this court did in *Duncan v. Beck* prior to that statute's enactment: the MVRA does not cover claims for property damage.

*Id.* at 349. In view of the clear holding of *American Premiere Ins. Co.*, Plaintiffs' reliance on the MVRA is unfounded. Because the MVRA does not cover property damage claims,

Plaintiffs' claims based on property damage arising out of a motor vehicle accident cannot be based on the MVRA's provisions.

### B.     Defendant's *Res Judicata* Argument

In support of its motion for summary judgment, Defendant maintains that the default declaratory judgment entered by the Clermont County Court of Common Pleas should operate as *res judicata* on the coverage issue. According to Defendant, pursuant to the assignment of rights, Plaintiffs "stand in Mays' shoes" with respect to any claims related to coverage and therefore, should be bound by the Ohio court's judgment that coverage does not extend to Mays. Alternatively, Defendant asserts that the policy unambiguously provides that liability coverage does not extend to Mays under the terms of the "Insuring Agreement."

As an initial matter, the Court must determine whether a default judgment obtained in a state court by reason of the defendant's failure to answer is given preclusive effect in a subsequent federal diversity case. As a general rule, a judgment of a court having jurisdiction over the parties and the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default. *Morris v. Jones*, 329 U.S. 545, 550-51 (1947). However, any analysis of the preclusive effect of a state court default judgment begins with the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires federal courts to give full faith and credit to the judicial proceedings of state courts. *See Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984). Section 1738 provides, in pertinent part:

> The ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they

>have by law or usage in the courts of such State ... from which they are taken.

(1994).  This statute also directs federal courts to refer to the law of the state in which judgment was rendered in determining its preclusive effect.  *Marrese v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985).

In the instant case, Defendant obtained a declaratory judgment by default from the Clermont County, Ohio Court of Common Pleas.  Therefore, Ohio law governs whether a declaratory judgment action between an insurer and a person claiming to be an insured, such as Plaintiffs herein, and relating to questions of coverage, operates as *res judicata* in a subsequent action brought by an injured party against the insurer.  In order to invoke *res judicata*, one of the requirements is that the parties to the subsequent action must be identical to or in privity with those in the former action. *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* 431 N.E.2d 672 (1982).  What constitutes privity in the context of *res judicata* is somewhat amorphous.  *Brown v. Dayton*, 730 N.E.2d 958 (2000).

In light of recent statutory and common law developments in Ohio, the answer to the *res judicata* question is not exactly clear.  For example, in 1994, the Supreme Court of Ohio held that an injured person who was not a party to a declaratory judgment action between an insurance company and its insured was not bound by that decision, and thus not precluded from litigating the issue of insurance coverage in a supplemental proceeding. *Broz v. Winland*, 629 N.E.2d 395 (Ohio 1994).  The *Broz* court based its holding in large part on the fact that, at that time, Ohio authorized "direct actions" by injured third parties. *Id*. at 398.  The General Assembly, however, amended several statutes in 1999 to

supersede *Broz's* holding. One of those statutes - Ohio's Declaratory Judgments Act - now provides, in pertinent part:

> (A) *Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding.* Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.
>
> (B) *A declaratory judgment or decree that a court of record enters in an action or proceeding under this chapter between an insurer and a holder of a policy of liability insurance issued by the insurer and that resolves an issue as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that an insured under the policy allegedly tortiously caused shall be deemed to have the binding legal effect described in division (C)(2) of section 3929.06 of the Revised Code and to also have binding legal effect upon any person who seeks coverage as an assignee of the insured's rights under the policy in relation to the injury, death, or loss involved. This division applies whether or not an assignee is made a party to the action or proceeding for declaratory relief and notwithstanding any contrary common law principles of res judicata or adjunct principles of collateral estoppel.*

O.R.C. § 2721.12 (emphasis added).[5]

Based on the plain language of subsection (B), Plaintiffs, as assignees of Mays and Bess, appear to be bound by the declaratory judgment entered by the Clermont County Court of Common Pleas on the coverage issue. However, the constitutionality of Ohio's Declaratory Judgments Act, however, has been called into question in *Cincinnati Ins. Co. v. Consol. Equip. Co.*, 2003 WL 77122, at *10 (Ohio Ct. App. Jan. 10, 2003). There, the

---

[5] O.R.C. § 3929.06 was also amended to preclude "direct actions" by injured claimants.

court considered whether an injured claimant and its insurer were improperly joined in a liability insurer's declaratory judgment action against its own insured. *Id*. at *4. The court began by acknowledging that the legislature overruled *Broz* as to the lack of binding legal effect of a declaratory judgment on people who were not parties to the action. *Id.* It, nevertheless, questioned the validity of the Declaratory Judgments Act, noting: "[W]e do not think that this part of the statute can survive, consistent with due process, if injured claimants are excluded as parties from declaratory judgment actions." *Id*. at *10. The court went on to state:

> In our opinion, it is logically inconsistent to say on one hand, that a party does not have an interest in a proceeding such that he is a proper or necessary party, and to claim, on the other, that he is bound by a judgment in the same proceeding because his interest is sufficiently strong. Yet, this is the conundrum created by the 1999 amendments to the Declaratory Judgments Act and to O.R.C. 3929.06.

Relying primarily on the Ohio Supreme Court's maxim that "all persons are entitled to their day in court," the court of appeals held that the injured claimant and its insurer were proper parties to the declaratory judgment action. *Id*. at*11.[6] The court even implied that they were necessary parties. *Id*. While the *Cincinnati Ins. Co.* case is unpublished and therefore not a binding statement of Ohio law, it does provide a basis for the Court to consider the coverage question on the merits.

---

[6] The court also relied on the requirement that there be an identity of parties. *Cincinnati Ins. Co.*, 2003 WL 77122 at *10. This has typically been interpreted to mean strict identity or at least that the injured claimant be in privity with the insured tortfeasor. In this case, while Plaintiffs are assignees of Mays, they appear to have had no notice of the Ohio declaratory judgment action, which was commenced in another jurisdiction while their Kentucky state tort action was pending. Additionally, the assignment of rights occurred after the Ohio state court default judgment was entered.

Thus, although Defendant's *res judicata* argument is dispositive based on Ohio's Declaratory Judgments Act, because the assignment of claims to Plaintiffs occurred *subsequent to* the entry of the default judgment, Mays' failure to file an answer in the Ohio action was based on her incarceration in Ohio state custody at the time Defendant filed the Ohio declaratory judgment action, and Plaintiffs herein had no notice of the Ohio declaratory judgment action, the Court chooses to alternatively address the merits of Defendant's argument that there is no coverage under the insurance policy.

**C.    Based on the undisputed facts, the plain language of the policy does not provide coverage for Mays.**

In its memorandum, Defendant relies upon three (3) separate provisions in the subject insurance policy to support its argument that no coverage was mandated for Mays' September 24, 1999 motor vehicle accident. These provisions are as follows:

<u>INSURING AGREEMENT</u>

Liability coverage will apply to any other person driving your covered auto with your permission, provided they are *not a resident of your household* and *do not use your covered auto on a regular basis*.

<u>PROTECTION OF OTHERS</u>

Anyone using your covered auto with the covered auto owner's permission, and within the scope of such permission, has the same rights and obligations that you have under this coverage. However, *this protection is not afforded to any regular or occasional user of your covered auto or to any non-relative resident of your household, unless that person is listed as an additional driver on the Declarations Page*. Any change in regular operators, newly licenses drivers or residents in your household must be reported to us immediately.

<u>EXCLUSIONS</u>

LIABILITY COVERAGE AND OUR DUTY TO DEFEND DO *NOT* APPLY TO BODILY INJURY OR *PROPERTY DAMAGE*: (1) That occurs while your covered auto is being *operated by a non-relative resident of your household*

11

*or by a regular user of your covered auto, unless that person is listed as an additional driver on the Declarations Page*....  (Emphasis added).

Under Kentucky law, "[w]here the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Kemper National Ins. Companies v. Heaven Hill Distilleries, Inc.,* 82 S.W.3d 869, 873 (Ky. 2002).  The enforcement of such clear and unambiguous terms includes the terms of policy exclusions which do not contravene public policy or a statute. *Id.; Meyers v. Kentucky Medical Ins. Co.,* 982 S.W.2d 203, 209-10 (Ky. Ct. App. 1998).

In this case, although the truck being driven by Mays was a "covered auto" under the policy and Mays was driving that truck with Bess' permission, it is undisputed that Bess and Mays were residing together in Mason County, Kentucky, were not married, and Mays was a permissive and regular user of Bess' truck.  At the time of the accident therefore, Mays was a non-relative resident of Bess' household.  It is further undisputed that Mays was not listed as an additional driver on the policy's Declarations Page.

Thus, applying the clear and unambiguous plain language of subject policy to the circumstances of this case, the outcome is clear.  No liability coverage, including property damage coverage and both indemnity and defense, is afforded to Mays or her assigns under Defendant's policy of insurance issued to Bess for the motor vehicle accident occurring on September 24, 1999.  As a result, there was no breach of contract when Defendant failed to provide coverage for that accident.

The Court's conclusion that no coverage was warranted resolves Plaintiffs' bad faith claims in favor of Defendant.  In order to prevail on a claim of bad faith, a plaintiff must establish: (1) the insurer was obligated to pay the claim under the terms of the policy; (2)


the insurer lacked a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Available coverage, therefore, is a factual prerequisite to a bad faith claim. Given the Court's conclusion that no coverage was warranted herein, there was no bad faith by Defendant in denying coverage.

## Conclusion

In accordance with the above,

**IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment (Doc. # 18) be, and is hereby **GRANTED**;

(2) Plaintiffs' Motion for Summary Judgment (Doc. # 20) be, and is hereby **DENIED**;

(3) Plaintiffs' complaint be, and hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court; and

(4) A Judgment in favor of Defendant will be entered concurrently herewith.

This 26th day of July, 2005.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\2-03-183-MOO-Granting-Defendant-SJ.wpd